UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>QUOC CHI TRAN,<br>Defendant. | Case No. 13-cr-00076-BLF-3 (VKD)<br><br>**ORDER RE DETENTION PENDING REVOCATION HEARING** |

On July 10, 2019, the United States moved for detention of defendant Quoc Chi Tran pending a revocation hearing on charges that Mr. Tran violated the terms of his supervised release, and Mr. Tran moved for release. Dkt. No. 408. The Court conducted a hearing. Mr. Tran was present in custody at the hearing and represented by counsel. For the reasons set forth below, the Court finds that detention is warranted.

## I. BACKGROUND

On September 23, 2015, jury found Mr. Tran guilty of conspiracy to conduct a gambling business in violation of 18 U.S.C. §§ 371 & 1955(a). Dkt. No. 228. On December 14, 2015, the Court sentenced Mr. Tran to a term of imprisonment of 36 months followed by a term of supervised release of 36 months, subject to a number of conditions. Dkt. Nos. 283, 287.

On July 3, 2019, Probation Officer Elizabeth Hernandez-Robles petitioned the Court for a no bail arrest warrant based on charges that Mr. Tran had violated certain conditions of his supervised release, including (1) the condition that he not commit any federal, state or local crime; (2) the condition requiring him to notify his probation officer within 72 hours of being arrested; (3) the condition that he truthfully report certain information, including his residence, on a monthly basis; (4) the condition that he notify his probation officer at least ten days before

changing residence; and (5) the condition that he refraining from using a controlled substance. Dkt. No. 406.

According to the petition, Mr. Tran was arrested on June 21, 2019 by the Milpitas Police Department for violation of California Health and Safety Code § 11550(a) for being under the influence of a controlled substance. He was arrested at an apartment in Milpitas, California, after another resident in the same complex reported smoke coming from the apartment. At the time of his arrest, the police officer observed that Mr. Tran had a fast pulse, dilated pupils, no visible reaction to light, and other indicia of being under the influence of methamphetamine. The officer also observed smoke coming from a pan on top of a stove in the apartment and a number of items which, the United States contends, are items used in making methamphetamine. *Id.* Mr. Tran reported to the officer that he was the tenant of the apartment. During his supervised release, Mr. Tran has provided the Probation Office with a different address for his residence, and did not advise his Probation Officer that he had changed addresses. *Id.*

The Court issued a no bail arrest warrant for Mr. Tran's arrest on July 3, 2019. The Court is informed that at the time of his arrest, Mr. Tran had approximately one month remaining in his term of supervised release.

## II. LEGAL STANDARDS

As Mr. Tran is serving a term of supervised release following conviction, the law requires that Mr. Tran be detained pending a revocation hearing, unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). Mr. Tran bears the burden of demonstrating that he is not likely to flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 46(d); *see United States v. Loya,* 23 F.3d 1529 (9th Cir. 1994).

## III. DISCUSSION

In support of his motion for release, Mr. Tran argues that he is neither a flight risk nor a danger to the community.[1] He emphasizes that he was arrested on a misdemeanor charge of being

---

[1] Mr. Tran's motion was made orally at the hearing. The Court gave Mr. Tran the opportunity to set a detention/bail hearing for a later date, but he declined.

under the influence, and that the Court should consider the relatively minor nature of that offense and the "technical" nature of the other violations charged in the petition in evaluating whether he poses a danger to others or a risk of flight. Mr. Tran proffers that he is currently employed doing construction work and that he has a place to live—i.e. the residence address he has provided to the Probation Office. Mr. Tran did not proffer a bond amount, co-signer, surety or custodian, but rather proposes that he continue under the terms of his supervised release.

The United States opposes Mr. Tran's release pending his revocation hearing on grounds that he poses a risk to the safety of others and a risk of flight. The government characterizes Mr. Tran's alleged violations as serious violations that are not merely technical but demonstrate a disregard for the Court's supervised release order. In particular, the government observes that when Mr. Tran was arrested in Milpitas he appeared to be in the process of cooking methamphetamine, conduct that is not only illegal but poses a danger to the community.

At the hearing, Officer Hernandez-Robles advised that the Probation Office recommends detention.

Having considered the record, including the presentations of counsel at the hearing, the Court concludes that Mr. Tran has not shown by clear and convincing evidence that his release under the existing conditions of supervised release will reasonably assure the safety of others and the community and his appearance for court proceedings as required. Mr. Tran is charged with violating multiple existing conditions of his supervised release, including the requirement that he not commit another crime. Count 1 of the petition describes conduct that endangers the safety of others. Mr. Tran has not shown by clear and convincing evidence that he will not engage in this conduct pending his revocation hearing. Moreover, the other counts of the petition charge violations that are not *de minimis* or technical, but, if true, reflect conduct that interferes with the Probation Office's ability to supervise Mr. Tran while he is released.

While the Court expects that a combination of conditions could be set that would reasonably assure Mr. Tran's appearance, Mr. Tran has made no proffer regarding any such conditions. More importantly, the Court concludes that Mr. Tran has not demonstrated by clear and convincing evidence that he is not likely to pose a danger to the safety of other persons and

3

the community pending his revocation hearing, and the Court is not persuaded that any conditions or combinations of conditions of release could be set to reasonably assure the safety of other persons and the community.

## IV. CONCLUSION

Defendant Quoc Chi Tran is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Tran shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Tran to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: July 11, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge